877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Margot L. TACKETT, Plaintiff-Appellant
v.
John A. TACKETT, Defendant-Appellee
 No. 88-3593.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 9, 1989.
Decided: June 13, 1989.
 
 Karen Lynn Ely-Pierce (Gerald T. Zerkin, Gerald T. Zerkin & Associates, on brief), for appellant.
 Matthew Nelson Ott, Jr. (Matthew N. Ott, P.C., on brief), for appellee.
 Before WIDENER, Circuit Judge, JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and THOMAS SELBY ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Margot Tackett, a citizen of Virginia, filed this diversity action against her former husband, John Tackett, a citizen of Kansas. The complaint, as pertinent to this appeal, alleges first that John Tackett breached an oral contract to pay certain expenses of the parties' children, and second that he intentionally inflicted emotional distress upon Margot Tackett. Actions taken by the district court on other allegations of the complaint are not on appeal. The district court dismissed the complaint finding, (1) that the breach of oral contract claim fell within the domestic relations exception to diversity jurisdiction, and (2) that the allegation of intentional infliction of emotional distress failed to state a claim. We affirm.
 
 
 2
 Margot Tackett and John Tackett were divorced by decree entered January 26, 1984, in the Circuit Court for the City of Williamsburg, Virginia. A written stipulation of the parties dated August 2, 1983, was incorporated into the final divorce decree. The stipulation addressed, among other things, custody, support and maintenance of the children. The court notes that the parties have litigated other concerns arising in family matters, including child custody and support, in the state court at Williamsburg since the 1984 divorce. In fact, Ms. Tackett has filed petitions in the state court after the case at bar was initiated. Some matters are still pending in the state court on appeal.
 
 
 3
 In the present case, Ms. Tackett's breach of contract claim alleges that John Tackett agreed orally to pay the children's travel, medical, dental and educational expenses and that he failed to do so. Resolution of this case would require the district court to enmesh itself in the subjective and equitable decisions that are best left to state family courts. The law recognizes a domestic relations exception to federal diversity jurisdiction which permits a federal court to refrain from acting in matters which essentially pertain to divorce, alimony, child custody, or child support claims. Cole v. Cole, 633 F.2d 1083, 1088 (4th Cir.1980). The district court acted properly in finding that this oral contract support action fell within the domestic relations exception to diversity jurisdiction and in dismissing this contract action as beyond its jurisdiction for that reason.
 
 
 4
 Ms. Tackett also charges that Mr. Tackett intentionally inflicted emotional distress upon her by continually seeking custody of one of the children, by attempting to lure one of the children away from her, and by failing to provide the support allegedly agreed to. In order to state a claim for intentional infliction of emotional distress a plaintiff must establish that the conduct at issue is intentional or reckless, that it is outrageous and intolerable, that it is causally connected to the emotional distress and that the emotional distress is severe. Raftery v. Scott, 756 F.2d 335, 339 n. 4 (4th Cir.1985) (citing Womack v. Eldridge, 215 Va. 338, 210 S.E.2d 145 (1974)). The district court determined that the factual allegations in the complaint, even as amended to include other representations made by Ms. Tackett in oral argument, were insufficient to state a claim for intentional infliction of emotional distress. We agree.
 
 
 5
 AFFIRMED.